FORM 26. Docketing Statement

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

No. 15-1892

Drone Technologies, Inc.

v.

Parrot S.A. and Parrot, Inc.

# DOCKETING STATEMENT

This Docketing Statement must be completed by all counsel and filed with the court within 14 days of the date of docketing. When the United States or its officer or agency is a party, this Docketing Statement must be completed by all counsel and filed with the court within 30 days of docketing. All questions must be answered or the statement will be rejected.

Name of the party you represent Parrot S.A. and Parrot, Inc.

Party is (select one)   ☑ Appellant/Petitioner    ☐ Cross-Appellant
                        ☐ Appellee/Respondent     ☐ Intervenor

Tribunal appealed from and Case No. W.D. Pa. Case No. 2:14-cv-111-AJS

Date of Judgment/Order 7/16/15, 6/12/15, 11/3/14   Type of Case Patent Infringement

Relief sought on appeal Reverse and remand, or reverse and remand for entry of judgment for Parrot

Relief awarded below (if damages, specify)
Damages in the amount of $7.8 million plus pre-judgment interest on that portion of the damages award consisting of past-damages.

Briefly describe the judgment/order appealed from
The court entered default judgment on liability against Parrot on November 3, 2014 (D.I. 107). Following a trial on damages, the district court on June 12, 2015 entered judgment on a damages award of $7.8 million, plus pre-judgment interest on that portion of the damages award consisting of past damages (D.I. 405). The district court denied Parrot's post-trial motions on July 16, 2015 (D.I. 436).

**FORM 26. Docketing Statement (continued)**

Nature of judgment (select one)

☑ Final Judgment, 28 USC 1295

☐ Rule 54(b)

☐ Interlocutory Order (specify type) _____

☐ Other (explain; *see* Fed. Cir. R. 28(a)(5)) _____

Name and docket number of any related cases pending before this court plus the name of the writing judge if an opinion was issued
In re Parrot S.A. and Parrot, Inc., 14-156
In re Parrot S.A. and Parrot, Inc., 14-157
Drone Technologies, Inc. v. Parrot S.A. and Parrot, Inc., No. 15-1138

Brief statement of the issues to be raised on appeal
Please see attached.

Have there been discussions with other parties relating to settlement of this case?

☑ Yes    ☐ No

If "yes," when were the last such discussions?

☐ Before the case was filed below?

☐ During the pendency of the case below?

☑ Following the judgment/order appealed from?

If "yes," were the settlement discussions mediated?    ☑ Yes    ☐ No

If they were mediated, by whom? _____
Retired District Judge Joseph J. Farnan, Jr.

**FORM 26. Docketing Statement (continued)**

Do you believe that this case may be amenable to mediation?   ☐ Yes   ☑ No

If you answered no, explain why not
Previous settlement discussions have not proven fruitful because the parties have been too far apart in their respective settlement numbers.

Provide any other information relevant to the inclusion of this case in the court's mediation program.

I certify that I filed an original and one copy of this Docketing Statement with the Clerk of the United States Court of Appeals for the Federal Circuit and served a copy on counsel of record, this 17 day of August, 2015

by: ECF
(manner of service)

Jeffrey A. Lamken                                /s/ Jeffrey A. Lamken
Name of Counsel                                  Signature of Counsel

Law Firm  MoloLamken LLP

Address  600 New Hampshire Ave., N.W., Suite 660

City, State, ZIP  Washington, D.C. 20037

Telephone Number  202-556-2000

FAX Number  202-556-2001

E-mail Address  jlamken@mololamken.com

155

## DOCKETING STATEMENT
*Drone Technologies, Inc. v. Parrot S.A.*, No. 15-1892

### Non-Binding Statement of the Issues To Be Raised on Appeal

(1) Whether the district court erred in entering a default judgment on liability (including validity) and striking all of Parrot's defenses as a sanction where: (a) the district court misinterpreted the local rule to require discovery that the rule did not require and (b) the discovery at issue related only to one aspect of infringement.

(2) Whether the plaintiff has standing to pursue its claims of infringement.

(3) Whether Parrot's motion to transfer venue should have been granted.

(4) Whether the monetary award should be reversed because:

   a. Plaintiff did not offer sufficient evidence from which a reasonable jury could have determined a royalty base;

   b. Plaintiff did not offer evidence of a comparable license agreement sufficient to justify its proposed royalty rate, and the district court admitted a license between Parrot and a wholly owned subsidiary as evidence;

   c. Plaintiff did not satisfy the "entire market value rule";

   d. Plaintiff did not provide sufficient evidence that it was entitled to future damages;

   e. The district court royalty base encompassed products never accused of infringement in the Complaint or the infringement contentions;

   f. The district court permitted damages to be based on Parrot's sales before the first date of infringement (January 4, 2013);

   g. The district court erroneously denied Parrot's request for leave to present equitable defenses; and

   h. The district court improperly denied Parrot's motion for a new trial.