IN THE
UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| Drone Technologies, Inc.,<br><br>  *Plaintiff-Appellee*,<br><br>  v.<br><br>Parrot S.A. and Parrot, Inc.,<br><br>  *Defendants-Appellants*. | Nos. 15-1892, 15-1955 |

**DEFENDANTS-APPELLANTS' UNOPPOSED MOTION FOR
A 17-DAY EXTENSION OF TIME TO FILE THEIR OPENING BRIEF**

Pursuant to Federal Rule of Appellate Procedure 26(b) and Federal Circuit Rule 26(b), defendants-appellants Parrot S.A. and Parrot, Inc. (collectively, "Parrot") respectfully move for a 17-day extension of time to file their opening brief. The opening brief is currently due on October 2, 2015. If this motion is granted, the opening brief will be due on October 19, 2015. Counsel for Parrot has informed plaintiff-appellee Drone Technologies, Inc. ("Drone") of the extension request, and Drone does not oppose this motion.

This Court has not previously granted Parrot an extension of the deadline for filing its opening brief. On July 27, 2015, Parrot appealed from the district court's final judgment on liability and damages in this patent infringement case, and this court docketed that appeal as Case No. 15-1892 on August 3, 2015. On August 26,

Parrot appealed from the district court's order adopting, with slight modification, the special master's report and recommendation awarding Drone attorneys' fees under 35 U.S.C. §285 and Federal Rule of Civil Procedure 37. This Court docketed that appeal as Case No. 15-1955 and consolidated it with No. 15-1892. *See* Doc. No. 18.

As explained more fully in the Declaration of Jeffrey A. Lamken, which is attached in support of this motion pursuant to Federal Circuit Rule 26(b)(5), additional time is necessary in light of appellate counsel's other obligations before this and other courts. Parrot's appeal, moreover, presents complex questions regarding standing to sue for patent infringement, the propriety of discovery sanctions under Rule 37, the appropriate scope of discovery in a patent case, the proper calculation of damages for induced infringement, venue, and the propriety of an attorneys' fees award under 35 U.S.C. §285 and Federal Rule of Civil Procedure 37. The record exceeds 12,000 pages. Appellate counsel were retained for purposes of appeal only and did not participate in the damages trial before the district court.

Accordingly, Parrot respectfully requests a 17-day extension of time to file its opening brief, to and including October 19, 2015.

Dated: September 21, 2015

Respectfully submitted,

/s/ Jeffrey A. Lamken

James E. Hopenfeld
Tammy J. Terry
Osha Liang LLP
2200 Pennsylvania Avenue, N.W.
4th Floor
Washington, D.C.  20037
(202) 656-5097 (telephone)
(713) 228-8778 (facsimile)
hopenfeld@oshaliang.com

Jeffrey A. Lamken
   *Counsel of Record*
Eric R. Nitz
MOLO LAMKEN LLP
The Watergate, Suite 660
600 New Hampshire Avenue, N.W.
Washington, D.C.  20037
(202) 556-2000 (telephone)
(202) 556-2001 (facsimile)
jlamken@mololamken.com

John M. Whealan
4613 Merivale Road
Chevy Chase, MD  20815
(202) 994-2195 (telephone)
(202) 994-2831 (facsimile)
jwhealan@law.gwu.edu

*Counsel for Parrot S.A. and Parrot, Inc.*

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

| | |
|---|---|
| Drone Technologies, Inc.,　　*Plaintiff-Appellee*,　　v.　　Parrot S.A. and Parrot, Inc.,　　*Defendants-Appellants*. | Nos. 15-1892, 15-1955 |

**DECLARATION OF JEFFREY A. LAMKEN IN SUPPORT OF DEFENDANTS-APPELLANTS' UNOPPOSED MOTION FOR A 17-DAY EXTENSION OF TIME TO FILE THEIR OPENING BRIEF**

I, Jeffrey A. Lamken, hereby declare:

1. I am a partner in the law firm MoloLamken LLP, and counsel for defendants-appellants Parrot S.A. and Parrot, Inc. (collectively, "Parrot"). I am over the age of 18 and have personal knowledge of the matters set forth herein.

2. I submit this declaration in support of Defendants-Appellants' Unopposed Motion for a 17-day Extension of Time To File Their Opening Brief.

3. Counsel for plaintiff-appellee Drone Technologies, Inc. ("Drone") has been informed of Parrot's extension request, and counsel for Drone does not oppose this request.

4. Parrot has not previously received an extension to file its opening brief. Parrot's opening brief is currently due on October 2, 2015. Parrot requests a 17-day extension of time to file its opening brief that, if granted, would set the due date for Parrot's opening brief on October 19, 2015.

5. The additional time is necessary because of the complexity of the issues and the size of the factual record. The record exceeds 12,000 pages. And the issues Parrot intends to raise present substantial and complex questions of standing, the propriety of discovery sanctions, the scope of discovery in a patent case, venue, the appropriate calculation of damages for induced infringement, and the propriety of an attorneys' fees award under 35 U.S.C. §285 and Federal Rule of Civil Procedure 37. Additionally, my firm did not participate in the damages trial before the Western District of Pennsylvania.

6. The additional time is also necessary because I am the partner principally engaged in the drafting of the brief, and I am and have been heavily engaged with the press of other matters in this Court and others. Those matters include, among others: a petition for rehearing en banc in *Turkmen v. Ashcroft*, No. 13-981, filed with the Second Circuit on August 17, 2015; a brief and cross-appeal in *Miami Group v. Vivendi, S.A.*, Nos. 15-180, 15-208, filed in the Second Circuit on August 19, 2015; a petition for a writ of certiorari in *Arthrex, Inc. v. KFx Medical Corp.*, No. 15-291, filed with the Supreme Court on September 4, 2015; a

petition for rehearing en banc in *Versata Development Group, Inc. v. Lee*, No. 14-1145, filed with this Court on September 10, 2015; an intervenor brief in *United States Telecom Ass'n v. FCC*, No. 15-1063, due in the D.C. Circuit on September 21, 2015; an opening brief in *Helman v. Department of Veterans Affairs*, No. 15-3086, due in this Court on September 28, 2015; and a reply brief in *United States Telecom Ass'n v. FCC*, No. 15-1063, due in the D.C. Circuit on October 5, 2015. I am also scheduled to argue *United States v. Clay*, Nos. 14-12373, 14-12400, 14-12403, 14-12404, 14-12422, 14-13640, before the Eleventh Circuit on October 2, 2015, the same day Parrot's opening brief is currently due.

7. Eric Nitz, the associate principally responsible for the appeal, also is and has been heavily engaged in other matters. Those matters include, among others: a petition for rehearing en banc in *Turkmen v. Ashcroft*, No. 13-981, filed with the Second Circuit on August 17, 2015; an opening brief in *In re NFL Players Concussion*, No. 15-2304, filed with the Third Circuit on August 19, 2015; an opening brief in *Helman v. Department of Veterans Affairs*, No. 15-3086, due in this Court on September 28, 2015; a reply brief in *In re NFL Players Concussion*, No. 15-2304, due in the Third Circuit on October 7; and ongoing representation of a target in a federal criminal investigation.

8. A 17-day extension will give counsel the necessary time to prepare the brief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: September 21, 2015, in Washington, D.C.

/s/ Jeffrey A. Lamken
Jeffrey A. Lamken
MOLOLAMKEN LLP
The Watergate, Suite 660
600 New Hampshire Avenue, N.W.
Washington, D.C.  20037
(202) 556-2000 (telephone)
(202) 556-2001 (facsimile)
jlamken@mololamken.com

*Counsel for Defendants-Appellants
Parrot S.A. and Parrot, Inc.*

FORM 9. Certificate of Interest

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Drone Technologies, Inc.  v.  Parrot S.A. and Parrot, Inc.

No. 15-1892, 15-1955

# CERTIFICATE OF INTEREST

Counsel for the (petitioner) (appellant) (respondent) (appellee) (amicus) (name of party) Parrot S.A. and Parrot, Inc. certifies the following (use "None" if applicable; use extra sheets if necessary):

1. The full name of every party or amicus represented by me is:

Parrot S.A. and Parrot, Inc.

_____

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

Parrot S.A. and Parrot, Inc.

_____

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

None

_____

4. ☑ The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

Please see attached.

_____

| September 4, 2015 | /s/ Jeffrey A. Lamken |
|---|---|
| Date | Signature of counsel |
|  | Jeffrey A. Lamken |
|  | Printed name of counsel |

Please Note: All questions must be answered
cc: All counsel by ECF

## CERTIFICATE OF INTEREST

Appellants Parrot S.A. and Parrot, Inc. state that the following partners or associates have appeared on their behalf before the trial court or are expected to appear in this court:

From **Pietragallo Gordon Alfano Bosick & Raspanti, LLP**: Eric G. Soller and Alan G. Towner.

From **Osha Liang LLP**: James E. Hopenfeld, Tammy Terry, and Han-Mei Tso.

From **MoloLamken LLP**: Jeffrey A. Lamken and Eric R. Nitz.[1]

John M. Whealan, 4613 Merivale Road, Chevy Chase, MD 20815.

---

[1] In prior appeals in this case (Nos. 14-156, 14-157, 15-1138), Martin V. Totaro and Lucas M. Walker, both from MoloLamken LLP, appeared before this Court on behalf of Parrot S.A. and Parrot, Inc. Mr. Totaro and Mr. Walker no longer practice with MoloLamken LLP and are not expected to enter appearances on behalf of Parrot S.A. and Parrot, Inc. in this appeal.

**CERTIFICATE OF SERVICE**

I certify that today, September 21, 2015, I caused to be electronically filed the foregoing Defendants-Appellants' Unopposed Motion for Extension of Time To File Their Opening Brief and accompanying documents with the Clerk of the Court for the U.S. Court of Appeals for the Federal Circuit using the appellate CM/ECF system. All participants in the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

<u>/s/ Jeffrey A. Lamken</u>
Jeffrey A. Lamken